THE ATLAS MINING COMPANY *vs.* JAMES R. JOHNSTON.

It is no ground of error that the Court is more cautious and strict in securing an impartial jury than the law actually requires, and for this purpose the Courts may very properly reject a juror on a ground which would not be strictly sufficient to sustain a challenge for cause.

Error to Keweenaw Circuit.

*Opinion by* CHRISTIANCY, J.—The first three alleged errors relate to the setting aside of two jurors by the Court and the excusing of a third. After the jurors had been drawn, plaintiff's counsel asked one of them whether he was a brother to defendant, to which he replied in the affirmative; also whether he had talked with his brother about the case, to which he replied, " Last night I spoke to him about it, but he would give me no answer." The Court thereupon set him aside, plaintiff's counsel not asking it. Another juror was asked by plaintiff's counsel whether he had any bias or prejudice in favor of either party, to which he replied, "I have formed some opinion," whereupon the

Court, without any objection from either party, set him aside. Another juror called in the place of the latter, stated to the Court that he did not understand the English language, and the Court, remarking that from previous intercourse with said juror he knew that he was deaf and did not sufficiently understand the English language, excused him. No challenge or objection was taken by either party. Defendant's counsel, however, claims the right to examine all the above jurors as to their competency, but was prevented by the Court in the manner above stated. Defendant insisted that he was entitled as a matter of right, to have the case tried by the twelve jurors first drawn, and not challenged peremptorily, or challenged for sufficient cause, and the challenge sustained, and that there was not only no challenge, but no sufficient ground for a challenge for cause. He relied upon section 4392, C. L., which provides that "the twelve persons who shall appear as their names are drawn and called, and shall be approved as indifferent between the parties shall serve, and shall be the jury to try the cause."

*Held*, That this statute will not bear the construction thus put upon it. It would take from the Court the power to excuse a juror, however urgent the cause. The first two jurors in this case may be properly said not to have been approved as indifferent between the parties. It is no ground of error that the Court is more cautious and strict in securing an impartial jury than the law actually requires, and for this purpose the courts may very properly reject a juror on a ground which would not be strictly sufficient to sustain a challenge for cause. As to the juror who did not understand the English language, it would have been highly improper for him to sit in the cause, although unchallenged.